### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DEVIN SMITH**<br><br>     **Defendant** | **CRIMINAL No. 22-cr-10045-RGS** |

### GOVERNMENT SENTENCING MEMORANDUM

### FACTUAL BACKGROUND

Defendant Devin Smith ("Smith") defrauded government agencies across the country by using stolen personal information of victims and creating fictitious businesses.  Over the course of six months, Smith took advantage of victims whose personal information had been stolen as well as state agencies that were working tirelessly to provide government assistance to those in need at the height of a global pandemic.  In total, Smith filed claims and received more than $230,000 in unemployment assistance through 12 state programs[1] using the stolen personal information of 40 victims.  After Smith was charged, the government also uncovered that Smith filed two business loan applications in the names of fictitious businesses to take advantage of the Paycheck Protection Program, a federal pandemic relief program designed to protect employees from pandemic-related layoffs.[2]  Smith received two business loans subject to loan forgiveness totaling more than $38,000.

---

[1] The state unemployment programs, in turn, received funding from the U.S. Department of Labor.

[2] Under the Supplemental Plea Agreement, ECF No. 29, the parties agreed that the Court should consider these two fraudulent loans when imposing a sentence.  The Paycheck Protection

U.S. Probation provided additional details regarding Smith's conduct in the Presentence Investigation Report ("PSR").  The PSR was not subject to any objections by the government or the defense, and the government incorporates that factual background herein by reference.

### RECOMMENDATION

In compliance with its obligations under the plea agreement, and consistent with the PSR, the government recommends the following sentence:

- <u>Period of Incarceration</u>.  A period of incarceration of 45 months.  This includes 21 months on Count I, which is the lowest possible recommendation within the Guidelines range for an offense level 16,[3] as well as the mandatory additional 24 months on Count II.

- <u>Supervised Release</u>.  36 months of supervised release.

- <u>Restitution and Forfeiture</u>.  An order of restitution and forfeiture equal to the money Smith received from the fraudulent unemployment claims and Paycheck Protection Program loans.[4]  The total amount of restitution and forfeiture is $269,465.  For restitution, the amounts are broken down as follows: (1) $230,929 to the U.S.

---

Program was funded by the U.S. Small Business Administration and coordinated through participating financial institutions.

[3] The additional loss amount identified in the Supplemental Plea Agreement, ECF No. 29, would increase Smith's offense level by two points—to an offense level 18—because the loss associated with Smith's misconduct is now *more than* $250,000.  *See* U.S. Sentencing Guidelines § 2B1.l(b)(l).  Nevertheless, the government continues to recommend a sentence that is consistent with the plea agreement (*i.e.*, a low-end sentence for the Guidelines as *originally* calculated by the parties).

[4] *See United States v. Bodouva*, 853 F.3d 76, 78-79 (2d Cir. 2017) ("Because the statutory schemes authorizing restitution and forfeiture are separate, district courts are bound not to reduce the amount of a mandatory criminal forfeiture order by the amount of past or future restitution payments, in the absence of specific statutory authorization to do so.").

Department of Labor, and (2) $38,536 to the U.S. Small Business Administration.
*See* PSR p. 15 (identifying money owed to the U.S. Department of Labor);
Supplemental Plea Agreement, Dkt. No. 29 (identifying money owed to the U.S.
Small Business Administration).

- Special Assessments.  $200 in mandatory special assessments.

- Fine.  The government does not recommend a fine based on the applicable forfeiture
  and restitution in this case and because the government has not been able to ascertain
  Smith's ability to pay any fine.

The government's recommended sentence is "sufficient, but not greater than necessary"
in light of the factors to be considered by the Court.  18 U.S.C. § 3553(a).  In making this
recommendation, the government considered the breadth and length of the scheme.  This was not
a one-day, one-time mistake.  Smith committed this misconduct over a period of more than six
months.  To make it work, Smith had to research and identify the vulnerabilities of twelve
distinct state unemployment programs as well as the federal Paycheck Protection Program and
the associated financial institutions that facilitated the program.  Smith also had to obtain the
stolen personal information of 40 victims and create a series of dummy email accounts.

In addition to Smith's conduct, the government also considered the impact of these
offenses on the victims.  The consequences of identity theft are well-documented:

> For victims, identity theft can cause far more damage than just loss of money or
> ruined credit. Victims of identity theft can be victims of multiple crimes and may
> be unable to fully define what happened to them and how it happened. Similar to
> victims of violent crime, identity theft victims can also suffer significant
> emotional and physical stress due to their victimization.

*Identity Theft Special Feature*, U.S. Dep't of Justice's Office of Justice Programs, *available at*
https://www.ojp.gov/feature/identity-theft/overview (last visited Nov. 5, 2022).  Specifically

with respect to the unemployment claims Smith submitted in the names of victims, those often create substantial administrative hurdles for victims who later seek unemployment assistance in their own names because a claim is already assigned to their name and Social Security number. Further, fraudulent unemployment claims often result in tax statements being issued to the victims instructing them to pay taxes on the fraudulently-obtained payments.

There must be both substantial punishment and adequate deterrence for such offenses, which is provided through the government's recommended sentence.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:     /s/ Christopher J. Markham
        Christopher J. Markham
        Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and U.S. Probation.

<u>/s/ Christopher J. Markham</u>
Christopher J. Markham
Assistant United States Attorney

Date: November 5, 2022