UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Docket No: 22-cr-10045-RGS |
| | ) |
| DEVIN SMITH | ) |

**SENTENCING MEMORANDUM**

At the onset of the COVID-19 pandemic in March of 2020, Devin Smith's life was relatively quiet and unassuming. Mr. Smith overcame childhood trauma to graduate high school and attend Eastern Michigan University. He eventually found employment at a Chrysler manufacturing plant outside Detroit. While not well off by any means, he considered himself fortunate to obtain a stable, blue collar job during a time when such jobs in the auto industry had become increasingly harder to find. In 2019, he and his longtime partner married and prepared to start a family together. They welcomed their first child in late 2019 and their second in 2021.

The timing could not have been worse. When the pandemic hit, Mr. Smith found himself unemployed. With little income or savings to fall back upon, he quickly found himself in desperate financial circumstances. Foolishly, for guidance, he reached to dark corners of the Internet where scammers provided step-by-step directions on how unemployment programs and pandemic relief funds could be taken advantage of.[1] In a personal failing that Mr. Smith acknowledges and profoundly regrets, he listened.

---

[1] The investigative journalism publication *ProPublica* has reported that online forums devoted to unemployment fraud have "proliferated since the start of the pandemic, providing bustling marketplaces for criminals looking to obtain stolen IDs, methods for filing fake jobless claims or other advice." *See* "How Unemployment Fraud Exploded During The Pandemic," available at: https://www.propublica.org/article/how-unemployment-insurance-fraud-exploded-during-the-pandemic (last accessed November 15, 2022).

As a result of his failings, this Court is obligated to sentence Devin Smith to at least two years in prison. Because Mr. Smith's background and personal characteristics suggest that his crimes were aberrant and unlikely to recur, he requests that the Court impose the mandatory two years imprisonment for the violation of 18 U.S.C. § 1028A (Count Two), one day of imprisonment for the violation of 18 U.S.C. § 1343 (Count One), to be followed by three years of supervised release, as well as restitution and forfeiture as recommended by the government. Mr. Smith contends this sentence is sufficient, but not greater than necessary, to meet the goals of sentencing under 18 U.S.C. § 3553.

## GUIDELINES ANALYSIS

The court must "begin sentencing proceedings by correctly calculating the applicable Guideline range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Here, the plea agreement entered into by the parties provides for a total offense level (TOL) of 16 as to Count 1. The presentence report also arrives at a TOL of 16, albeit in a slightly different way. Whereas the plea agreement assesses a two level increase under § 2B1.1(b)(2)(A)(i) due to the offense involving 10 or more victims, the presentence report concludes that the individuals whose identities were used do not meet the applicable definition of "victim." Additionally, though the plea agreement provides for a 10-level adjustment under § 2B1.1(a)(1) due to the amount of loss falling between $150,000 and $250,000, the presentence report concludes that the amount of loss exceeded $250,000 and adjusts the offense level upwards by 12 levels instead of 10.[2] Thus, while the approaches vary, the end result is that the advisory guidelines sentencing range (GSR) as calculated both by the parties and probation is 21-27 months.

---

[2] This results from a supplement to the plea agreement [ECF #29] containing additional relevant conduct.

SMITH'S PERSONAL HISTORY AND CHARACTERISTICS

As is reflected in the presentence report, Devin Smith's background and personal characteristics reveal a lifetime of law-abiding behavior despite considerable adversity. At the age of approximately 3 or 4 years old, Mr. Smith was with his father in a vehicle when his father was shot. While he himself was unharmed and his father survived, the event had lasting consequences. The injuries to his father were severe and debilitating. Mr. Smith has unpleasant memories of the shooting and its effect on his father, who had to teach himself to walk and talk again. And although his condition improved over time, Mr. Smith's father was permanently disabled and unable to work. This resulted in financial instability throughout Mr. Smith's childhood, culminating with the loss of the family's home at one point during his teenage years.

Despite this turmoil in his childhood, Mr. Smith's adult life has been a model of normalcy. He stayed out of trouble as a teenager and graduated high school, proceeding to college. At Eastern Michigan University, he attended classes for three years, although he withdrew prior to graduating. Stepping away from college in 2014, he found employment at a Chrysler manufacturing plant near his home. He began dating his now-wife, Khiya, around the same time (though they had been friends dating back to childhood). After dating for 5 years, they married in 2019 and welcome the birth of their daughter, Denver, later that year. In 2021, Khiya gave birth to a son, Devin Jr..

In a letter, Khiya reports on the difficulty of this period of their lives. Her pregnancies were difficult and she dealt with health issues. When the pandemic unfolded, Mr. Smith—the sole breadwinner in the family—lost his job. Their second child, Devin Jr., was born with a club foot that has required significant medical attention. Throughout it all, she writes of her

husband's support, describing him as an "outstand Husband, Father, Son and Friend." *Letter of Khiya Smith.*

Khiya is not alone in describing him in this way. A friend, Annie Deering, writes that Mr. Smith's children "are the reason that he wakes up everyday and the reason he works so incredibly hard" and of Mr. Smith's expression of remorse for his actions. *Letter of Annie Dearing.* His parents write of the traumatic brain injury suffered by his father and Devin's efforts to help the family throughout his childhood. They cite his perseverance in school and how he has worked his way up to a leadership position at Chrysler. They believe that this case "does not speak to the life that Devin has lived or the man that Devin has been for his entire life." *Letter of John & Tanicia Smith.*

## ARGUMENT

Sound reasons present themselves for a downward variance from the advisory GSR. First, Devin Smith is 31 years old and a true first-time offender. He has absolutely no criminal history. As an empirical matter, first-time offenders committing fraud offenses present the lowest risk of recidivism. In 2017, the Sentencing Commission released a report examining the relationship between criminal history and recidivism among federal offenders.[3] The Commission made a number of key findings, including:

- Criminal history score and Criminal History Category (CHC) are strong predictors of recidivism.

---

[3] "The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders," available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf (last accessed November 16, 2022).

- Offenders with zero criminal history points had a lower rearrest rate than offenders with one criminal point (30.2% compared to 46.9%)…and less serious rearrest offenses…

- Offenders with zero criminal history points and no prior contact with criminal justice system had an 11.7 percentage point lower recidivism rate than offenders with zero criminal history points and some prior contact with the criminal justice system.[4]

In another 2016 report examining recidivism among federal offenders more generally, the Commission analyzed the correlation between offense type and recidivism.[5] Offenses categorized as fraud or larceny yielded by far the lowest rearrest rates among the various offense types (34.2% and 44.4%, respectively).[6]

Accordingly, as a statistical matter, there is reason for optimism that Mr. Smith will not reoffend and that a sentence of 2 years imprisonment will be sufficient to provide deterrence and protection of the public. By virtue of his criminal history category and lack of prior contact with the criminal justice system, he is in fact precisely the type of offender least likely to reoffend. Moreover, the type of offenses for which he has been convicted also suggest that he is unlikely to reoffend.

On a more individualized level, Mr. Smith's history and personal characteristics reinforce that conclusion. At 31 years old, Mr. Smith has demonstrated that he is capable of living a responsible, law-abiding life. Letters from those who know Mr. Smith best reflect that he is a

---

[4] *Id.* at 6.
[5] "Recidivism Among Federal Offenders: A Comprehensive Overview," available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf (last accessed November 16, 2022).
[6] *Id.* at Appendix A-1.

hard worker and a family man, with two young children depending on him. He will not risk putting his family through this experience again.

## CONCLUSION

For the foregoing reasons, Devin Smith respectfully submits that a sentence of two years and one day imprisonment, followed by three years of supervised release, is sufficient but no greater than necessary to promote the purposes of 18 U.S.C. § 3553(a). He is amenable to forfeiture and restitution as provided for in his plea agreement and its supplement. He asks that no fine be assessed, as he lacks the ability to pay one.

Respectfully submitted,

/s/ Scott Lauer
Scott Lauer,
   B.B.O.: 667807
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
617-223-8061 (phone)
617-223-8080 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 16, 2022.

/s/ Scott Lauer
Scott Lauer